ON MOTION FOR CLARIFICATION
PER CURIAM.
We deny appellants’ motion for rehearing. We grant appellants’ motion for clarification and substitute the following for the original opinion: In this consolidated action, Marcelina Fajardo, mother of decedent, Atanacio Fajardo, a Philippine national killed in an accident aboard a vessel in the Miami harbor, claims the probate judge in the proceeding below erred both in determining decedent was legally married to ap-pellee Normita Sto. Domingo Fajardo and in issuing an “Order Determining Benefi *363 ciary,” naming only appellee as a beneficiary. Also, Naviera Turrialba and Garda Marine, Inc., the vessel’s charterer and owner, respectively, appeal the determination of beneficiary.
As to the validity of the Philippine marriage of Atanacio Fajardo and Normita Sto. Domingo Fajardo, while common law marriages are not recognized in the Philippines, there is a presumption that “a man and a woman deporting themselves as husband and wife have entered into a lawful contract of marriage.” Suarnaba v. Workman’s Comp., 85 Phil. 502 (1978). The probate judge in the instant action was presented with sufficient evidence to conclude that the decedent and appellee were legally married. Evidence demonstrated both parties were capacitated to contract a valid marriage. A marriage contract was submitted into evidence as was the testimony of a handwriting expert who affirmed that the signature on the document was that of decedent. See Alvado v. City Government of Tacloban, 139 Phil. 230 (1985). In addition to living together as husband and wife, decedent had listed ap-pellee as his wife on several employment forms, see People v. Borromeo, 133 Phil. 106 (1984), and decedent’s last employer had, in fact, notified appellee of the fatal accident immediately after it occurred. See Suarnaba, 85 Phil, at 503. All these facts were indicia, under Philippine law, that a legal marriage had occurred.
The trial court’s failure to list decedent’s mother in addition to appellee as a beneficiary was, however, error. Section 731.106(2), Florida Statutes (1991) states in part:
The court may, and in the case of a decedent who was at the time of his death a resident of a foreign country the court shall, direct the personal representative appointed in this state to make distribution directly to those designated by the decedent’s will as beneficiaries of the tangible or intangible property, or to the persons entitled to receive the decedent’s personal estate under the laws of the decedent’s domicile, as the case may be. (emphasis added).
Decedent died intestate. Under the Civil Code of the Philippines, Article 997 (1988):
When the widow or widower survives with legitimate parents or ascendants, the surviving spouse shall be entitled to one-half the estate, and the legitimate parents or ascendants to the other half. (emphasis added).
Thus, the order determining beneficiaries should have acknowledged the status of decedent’s mother as well as his wife.
Accordingly, the lower court’s order is affirmed in part, reversed in part, and the case is remanded for revision of the order under review.